UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESTER M. DENMON, | |
| Petitioner, | Civil Action No. 07-4900(PGS) |
| v. | **OPINION** |
| MICHELLE RICCI, et. al., | |
| Respondents. | |

**APPEARANCES:**

    LESTER M. DENMON, Petitioner Pro Se
    DCC# 578945  Interstate Compact - Delaware
    V Bldg., A Tier, Cell #11B
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, Delaware 19977-9679

    ANNMARIE COZZI, ESQ.
    BERGEN COUNTY PROSECUTOR'S OFFICE
    Bergen County Justice Center
    10 Main Street
    Hackensack, New Jersey 07601
    Counsel for Respondents

**SHERIDAN**, District Judge

    This matter is before the Court on petitioner Lester M. Denmon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For reasons discussed below, the petition will be dismissed as time-barred under 28 U.S.C. § 2244(d).

I.  PROCEDURAL BACKGROUND

Petitioner, Lester M. Denmon ("Denmon"), was convicted by jury trial in the Superior Court of New Jersey, Law Division, Bergen County, on charges of first degree kidnapping, first degree armed robbery, weapons offenses, theft by deception, fraudulent use of a credit card and forgery.  Judgment of conviction was entered on March 17, 2000, and Denmon was sentenced by the Honorable Donald R. Venezia, J.S.C., to a forty-year prison term with a twenty-year parole disqualifier.

Denmon filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division. On February 6, 2002, the Appellate Division affirmed the conviction, but remanded the matter for sentencing. Specifically, the Appellate Division stated that:

> [t]he law is clear that in imposing a discretionary extended term sentence, the sentencing judge may only impose one extended term. State v. Pennington, 154 N.J. 344, 361, 712 A.2d 1133 (1998), N.J.S.A. 2C:44-5a(2).  Here, the judge imposed extended term sentences on both kidnapping convictions.  Consequently, we must remand to the Law Division for the entry of an amended sentence to provide for only one extended term sentence.

State v. Denmon, 347 N.J. Super. 457, 468 (2002).  An amended judgment of conviction was entered by the Law Division on April

2

21, 2002.[1]

Denmon then filed a petition for certification to the Supreme Court of New Jersey, which was denied by order filed June 11, 2002. State v. Denmon, 174 N.J. 41 (2002).

On November 24, 2003, Denmon filed his first post-conviction motion in state court, a pro se motion for a new trial. On February 7, 2005, Denmon filed a certification in support of his motion for post-conviction relief. Judge Venezia denied the state PCR motion on March 1, 2005, and Denmon appealed.

In an unpublished opinion filed on or about July 21, 2006, the Appellate Division affirmed the denial of PCR with the exception of one issue. Specifically, the Appellate Division remanded the matter for an evidentiary hearing on the issue of whether Denmon's trial counsel was ineffective for not objecting to the co-defendant Chester testifying in prison garb on behalf of the State. The Supreme Court of New Jersey denied certification on May 11, 2007.

On October 31, 2006, Judge Venezia conducted an evidentiary hearing on the remanded issue, at which both Denmon and his trial counsel testified. The court ruled that day that trial counsel

---

[1] The State notes, in their response to the petition, that the amended judgment of conviction did not alter the total length of Denmon's original sentence.

3

had not been ineffective. An order was issued on November 6, 2006, memorializing the court's ruling. Denmon then filed an appeal from the court's November 6, 2006 order on May 17, 2007.

While the appeal was still pending before the Appellate Division, Denmon filed this petition for habeas corpus relief under 28 U.S.C. § 2254, on or about September 30, 2007.[2] Shortly thereafter, on or about December 18, 2007, Denmon filed a motion to stay or hold this action in abeyance while he exhausted several new claims in state court. He reiterated his motion for a stay of this case on or about June 2, 2008.

On December 17, 2008, this Court issued an Order directing the State to respond to Denmon's motion for a stay and abeyance of his habeas petition. The State filed a response on January

---

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Denmon handed his petition to prison officials for mailing, Denmon signed a certification of his petition on September 30, 2007. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that September 30, 2007 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on October 10, 2007.

4

21, 2009, arguing that this action is time-barred and should be dismissed. Denmon did not reply, but instead, on February 2, 2009, filed a motion for entry of default and default judgment.

### III.   STATUTE OF LIMITATIONS ANALYSIS

The State argues that this habeas petition is untimely and should be dismissed pursuant to 28 U.S.C. § 2244(d). The limitation period for a § 2254 habeas petition is set forth in § 2244(d),[3] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief

---

[3] Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Denmon's judgment of conviction was entered on March 17, 2000. He had appealed from the conviction and sentence, and the New Jersey Supreme Court denied certification on June 11, 2002. Thus, under § 2241(d)(1), direct review concluded, and Denmon's judgment of conviction became final 90 days after June 11, 2002, or on September 11, 2002.[4] Thus, Denmon had one year from September 11, 2002, or until September 11, 2003, to timely file his federal habeas petition.

However, by statute, the limitations period may be tolled during the time a properly filed application for state post-

---

[4] This Court notes that an amended judgment of conviction was entered on April 21, 2002, but that did not alter the actual length of Denmon's sentence. Moreover, as Denmon did not appeal from this amended judgment, it would not serve petitioner's best interest for a statute of limitations analysis, to use the April 2002 date to determine when his judgment of conviction became final under 28 U.S.C. § 2244(d)(1).

6

conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[5] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

---

[5] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Moreover, the limitations period of § 2244(d) may be subject to equitable tolling under limited circumstances. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005)(emphasis in original) (citations omitted). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely

8

asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[6] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

In this case, Denmon filed his state PCR motion on November 24, 2003, several months after the one-year statute of limitations period had expired under 28 U.S.C. § 2244(d)(1). Therefore, because there was no pending state PCR petition on or before September 11, 2003, Denmon cannot invoke statutory tolling under 28 U.S.C. § 2244(d)(2).

---

[6] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

9

Denmon also fails to provide any basis for equitable tolling. In fact, even though the State has raised the defense that this petition is time-barred, Denmon has not replied.

At best, Denmon can argue that no time bar should apply because he properly pursued his rights in state court. In other words, he should not be held to a strict application of § 2244(d) because he filed his state PCR petition in good faith within the five-year time period allowed under state law. But this argument presumes that as long as a petitioner attempts to exhaust state-court remedies <u>prior to</u> initiating suit in federal court, then any state PCR application can serve to toll the limitations period, even if filed outside the one-year federal statute of limitations. A similar argument was declined by the Supreme Court in <u>Pace</u>. There, the Supreme Court observed that "a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." 544 U.S. at 413. While Denmon's state PCR petition was not untimely under state law, it was untimely under the federal statute of limitations for habeas actions. Consequently, Denmon's state PCR petition did not serve to toll the limitations period under § 2244(d)(2).

Moreover, this Court finds that Denmon can not claim his ignorance of the law or his miscalculation of the statute of limitations to excuse his late habeas petition under equitable tolling. Federal courts have consistently held that miscalculation of the time remaining on a limitations period does not constitute extraordinary circumstances to permit equitable tolling. See Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003). Furthermore, even if Denmon was ignorant of the fact that his limitations period began to run on September 11, 2002, this ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads or misunderstands the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.

Finally, Denmon fails to show any extraordinary circumstances nor does he claim that he had been prevented from asserting his rights in some extraordinary way. Therefore, this Court will dismiss Denmon's § 2254 habeas petition as time-barred under 28 U.S.C. § 2244(d).

11

III.  MOTION FOR A STAY OR ABEYANCE

Denmon has filed a motion to stay his habeas petition so that he can return to state court to exhaust several claims that were not raised on direct appeal or in his earlier state PCR motion.  Because this Court finds that this habeas petition is already time-barred, this motion will be denied as moot.

IV.  CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

12

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

*[signature]*
_____
PETER G. SHERIDAN
United States District Judge

DATED: September 9, 2009